# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

KIMMA ROCK, as Executrix of the Estate of Isabel Shick, on behalf of herself and all others similarly situated,

Plaintiff(s),

-against-

GREENSPOON MARDER, LLP; and JOHN DOES 1-25,

Defendant(s).

Civil Case Number: _____

## CIVIL ACTION

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KIMMA ROCK, as Executrix of the Estate of Isabel Shick, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendants; GREENSPOON MARDER, LLP ("GREENSPOON"); and  JOHN DOES 1-25, their employees, agents, and successors (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person, and Executrix of the Estate of Isabel Shick, pursuant to Letters Testamentary issued by the State of New Jersey, Essex County Surrogate's Court, on December 20, 2019, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      GREENSPOON is a law firm with offices located at 100 Wood Avenue South, Suite 207, Iselin, New Jersey 08830.

8.      Upon information and belief, GREENSPOON uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.      GREENSPOON is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.      John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12.     This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from GREENSPOON concerning a debt owed to another, which included the alleged conduct and practices described herein.

      The class definition may be subsequently modified or refined.

      The Class period begins one year to the filing of this Action.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit B**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  a.  Whether the Defendants violated various provisions of the FDCPA.

  b.  Whether Plaintiff and the Class have been injured by the Defendants' conduct;

  c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### STATEMENT OF FACTS

14.    Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15.    On December 20, 2019, Plaintiff was appointment Executrix of the Estate of Isabel Shick, pursuant to Letters Testamentary issued by the State of New Jersey, Essex County Surrogate's Court. *See*, Exhibit A.

16.    On or about December 20, 2019, Isabel Shick, incurred a financial obligation to Liberty Home Equity Solutions, Inc. ("LIBERTY").

17.    On or before February 19, 2020, LIBERTY retained CELINK as serving agents for the LIBERTY obligation.

18.     On or before February 19, 2020, CELINK, retained GREENSPOON in connection with the LIBERTY obligation.

19.     On or before February 19, 2020, CELINK, retained GREENSPOON in connection with the collection of the LIBERTY obligation.

20.     GREENSPOON is a "debt collector" as defined by 15 U.S.C. § 1692a(6)

21.     At the time CELINK, retained GREENSPOON in connection with the LIBERTY obligation, said obligation was in default.

22.     The LIBERTY obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

23.     The LIBERTY obligation did not arise out of a transaction that was for business purposes.

24.     The LIBERTY obligation was secured by a mortgage on Isabel Shick's real property.

25.     The LIBERTY obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

26.     LIBERTY is a "creditor" as defined by 15 U.S.C. § 1692a(4).

27.     GREENSPOON caused to be delivered a letter dated February 19, 2020, which was addressed to Plaintiff, attempting to collect the LEHMAN obligation. A copy of said letter annexed hereto as Exhibit B.

28.     The February 19, 2020 letter was address to: Estate of Isabel Shick.

29.     Upon receipt, Plaintiff read the February 19, 2020 letter.

30.     The February 19, 2020 letter stated in part:

ESTATE OF ISABEL SHICK
xxxxxxxxx

xxxxxxxxx, NJ xxxxx

**Re:    Loan No. 2689XX       Our File No.: 6XXXX.0010**
**Property Address: XXXXX Drive XXXXXXX, NJ XXXXX**

Please be advised that our client, CELINK as servicing agents for Liberty Home Equity Solutions, Inc has retained our Firm in connection with the above referenced loan which our client considers to be in default.

31.      The February 19, 2020 letter further stated in part:

**FAIR DEBT COLLECTION PRACTICES ACT DISCLOSURE**

This is a communication from a debt collector. Specifically, this law firm is the Debt Collector. The Debt Collector can be contacted through the information provided at the top of this letter. The Debt Collector is attempting to collect a debt and any information obtained will be used for that purpose.

Pursuant to 15 U.S.C. §1692g (the Fair Debt Collection Practices Act), the Debt Collector hereby discloses the following information:

The total amount of the debt as of the date of this letter is $128,655.61.

As of the date of this letter, the total amount of the debt that you owe is $128,655.61. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the  day you pay may be greater. Hence , if you pay the amount show n above, an adjustment may be necessary after the Creditor receives your check or payment. For further information, contact the undersigned at the contact information listed above.

1.       The name of the creditor to whom the debt is owed is: CELINK as servicing agents for Liberty Home Equity Solutions, Inc.

2.       Unless you, within thirty days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the Debt Collector;

3.      If you notify the Debt Collector in writing within the thirty-day period that the debt, or any portion thereat: is disputed, the Debt Collector will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by the Debt Collector; and

4.      Upon your written request within the thirty-day period, the Debt Collector will provide you with the name and address of the original creditor, if different from the current creditor.

This letter contains a Fair Debt Collection Practices Act Disclosure, which is set forth above. The Disclosure contained in this letter sets forth your debt validation rights pursuant to the Fair Debt Collection Practices Act. This firm, the debt collector, may continue with collection activities and communications in its efforts to collect the debt during the 30-day debt validation period, unless you exercise your validation rights described in this Letter. One potential way to attempt to collect the debt is by commencing a lawsuit against you. Commencement of a lawsuit DOES NOT alter or abridge your debt validation rights described in this Letter. You will still be required by the court to respond to the summons within the number of days set forth in the summons, even if you exercise your validation rights after receipt of the summons.

Very truly yours ,

GREENSPOON MARDER, LLP

32.      At the time GREENSPOON mailed the February 19, 2020 letter to the Estate of Isabel Shick, it did not know who would open the letter.

33.      At the time GREENSPOON mailed the February 19, 2020 letter to the Estate of Isabel Shick, it did not know who would read the letter.

34.      Prior to mailing the February 19, 2020, GREENSPOON did not contact the Essex County Surrogate's office to inquire as to whether an estate was opened on behalf Isabel Shick.

35.      Prior to mailing the February 19, 2020, GREENSPOON did not contact the Essex County Surrogate's office to inquire as to whether Letters Testamentary or Letters of Administration were issued as to Isabel Shick.

36.    GREENSPOON knew or should have known that Letters Testamentary were issued to Plaintiff on December 20, 2019.

37.    The February 19, 2020 letter does not set forth how the amount due ($128,655.61) was calculated.

38.    The February 19, 2020 letter does not set forth what are the "other charges" that may vary from day to day, causing the amount due to increase.

39.    The February 19, 2020 letter does not inform the reader that she or he will not be personally liable to pay the debt.

40.    The February 19, 2020 letter does not inform the reader who is the "you" that is referenced in the sentence in the last last paragraph, which states, "One potential way to attempt to collect the debt is by commencing a lawsuit against *you*" is not the reader of the letter. [emphasis added].

41.    The February 19, 2020 letter does not inform the reader who is the "you" is referenced in the sentence in the last last paragraph, which states, "*You* will still be required by the court to respond to the summons within the number of days set forth in the summons, even if you excise your validation rights after receipt of the summons" is not the reader of the letter. [emphasis added].

## POLICIES AND PRACTICES COMPLAINED OF

42.    It is GREEN SPOON'S policy and practice to send initial written collection communications, in the form annexed hereto as **Exhibit B**, which violate the FDCPA, by *inter alia*:

        (a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

        (b)    Communicating with the third parties concern a debt owed to another;

(c)    Making a false representation of the character or amount of the debt; and

(d)    Failing to effectively provide the validation notice pursuant to 15 U.S.C. §1692g *et seq.*

43.    On information and belief, GREENSPOON sent written communications in the form annexed hereto as **Exhibit B**, to at least 40 natural persons in the State of New Jersey with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* VIOLATIONS

44.    Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

45.    Collection letters and/or notices, such as those sent by GREENSPOON, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

46.    15 U.S.C. §1692c(b) provides:

Communication With Third Parties

Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, of the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debtor collector.

47.    15 U.S.C. §1692c(b) provides:

"Consumer" Defined

> For the purpose of this section, the term "consumer" includes the consumer's spouse parent (if the consumer is a minor)), guardian, executor, or administration.

48.    15 U.S.C. §1692b(2) provides:

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall… not state that such consumer owes any debt.

49.    The February 19, 2020 letter from GREENSPOON is addresses to: ESTATE OF ISABEL SHICK.

50.    GREENSPOON violated 15 U.S.C. §1692c *et seq.*, by sending the February 19, 2020 letter address to: ESTATE OF ISABEL SHICK, without addressing the letter to the attention of the executor.

51.    GREENSPOON violated 15 U.S.C. §1692c *et seq.*, by sending the February 19, 2020, letter address to: ESTATE OF ISABEL SHICK, rather than addressing the letter to the Executor, because any other person could read the letter, as it is not address to the Executor.

52.    GREENSPOON violated 15 U.S.C. §1692b *et seq.*, by sending the February 19, 2020 letter address to: ESTATE OF ISABEL SHICK, without addressing the letter to the attention of the executor.

53.    15 U.S.C §1692g(a)(1) provides that a debt  collector must set forth in writing, within 5 days of it initial communication the amount of the debt.

54.    The February 19, 2020 letter states is part: "The total amount of the debt is $128,655.61".

55.    The February 19, 2020 letter states is part: "The Debt Collector is attempting to collect a debt…"

Case 2:20-cv-03522-JMV-JBC    Document 1    Filed 04/01/20    Page 12 of 22 PageID: 12


56.     GREENSPOON violated 15 U.S.C. §1692g *et seq*., by sending a letter address to: ESTATE OF ISABEL SHICK, disclosing the amount of the debt owed.

57.     GREENSPOON violated 15 U.S.C. §1692g *et seq*., by sending a letter address to: ESTATE OF ISABEL SHICK, disclosing that it is a debt collector.

58.     GREENSPOON violated 15 U.S.C. §1692g *et seq*., by sending the February 19, 2020, letter address to: ESTATE OF ISABEL SHICK, rather than addressing the letter to the Executor.

59.     GREENSPOON violated 15 U.S.C §1692g(a)(1) by stating the amount due of $128,655.61, without disclosing how the amount due was calculated.

60.      GREENSPOON violated 15 U.S.C §1692g(a)(1) by failing to state what type "other charges" might vary day to day, causing the amount due to increase.

61.     Because of GREENSPOON' S failure to disclose what type of "other charges" are subject to vary from day to day, the least sophisticated consumer upon reading the February 19, 2020 letter would be unsure of whether she or he should disputed the amount of the debt.

62.     The type of "other charges" which may vary day to day are material, as the least least sophisticated consumer upon reading the February 19, 2020 will consider the type of charges that may very from day-to day when deciding which debt she may chose to pay.

63.     15 U.S.C. §1692b provides:

> If the consumer notifies the debt collector in writing within the thirty-day period, described in section (a) of this section the the debt, or any portion thereof is disputed, or that the consumer request the name and address of the original creditor, the debt collector, debt collector shall cease collection of the debt, or any disputed portion thereof, *until* the debt collector obtains verification of the debt or a copy of the judgment, or the name and address of the original creditor…is mailed to the consumer by the debt collector. [emphasis added].

64.     GREENSPOON violated 15 U.S.C. §1692b by stating in the February 19, 2020

letter:

> This firm, the debt collector, may continue with collection
> activities and communications in its efforts to collect the debt
> during the 30-day debt validation period, unless you exercise
> your validation rights described in this Letter.

65.     The least sophisticated consumer upon reading the February 19, 2020 letter would

be lead to believe that if she or he disputed the debt or any portion thereof with the thirty-day

validation period that the debt collector is required to cease collection of the debt for the entire

thirty-day validation period.

66.     The least sophisticated consumer upon reading the February 19, 2020 letter would

be lead to believe that if she or he disputed in writing, the debt or any portion thereof with the

thirty-day validation period that the debt collector would be required to cease collection of the

debt for the entire thirty-day validation period, when if fact the debt collector is only required to

cease collection of the debt until such time as the debt collector provides verification of the debt

or supplies the name and address of the original creditor.

67.      The debtor collector is under obligation to inform the consumer as to 15 U.S.C.

§1692g(b).

68.     The debtor collector is under obligation to inform the consumer as to 15 U.S.C.

§1692g(b). However if the debt collector chooses to provide such information, it is obligated to

do so accurately.

69.     Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false,

deceptive or misleading representation or means in connection with its attempts to collect debts

from Plaintiff and others similarly situated.

70.     Defendant violated 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

71.     Section 1692e(2)(A) of the FDCPA prohibits a debt collector from falsely representing the character, amount, or legal status of any debt.

72.     The February 19, 2020 letter sent by GREENSPOON made a false representation as to the character of the debt.

73.     GREENSPOON violated Section 1692e(2)(A) of the FDCPA by stating the amount due of $128,655.61, without disclosing how the amount due was calculated.

74.     GREENSPOON violated Section 1692e(2)(A) of the FDCPA by failing to disclose what type of "other charges" are subject to vary from day to day.

75.     Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

76.     GREENSPOON violated 15 U.S.C. §1692e(10) by falsely representing the amount of the debt.

77.     GREENSPOON violated 15 U.S.C. §1692e(10) by falsely representing the period of time it must cease collection of the debt if the consumer dispute the debt or any portion thereof.

78.     GREENSPOON violated 15 U.S.C. §1692e(10) by stating in the February 19, 2020 letter: "One potential way to attempt to collect the debt is by commencing a lawsuit against *you*" without informing the reader who is the "you" that is referenced in the sentence.

79.     The least sophisticated consumer upon reading the  February 19, 2020 will be confused as to whether: (1)  she may have a lawsuit commenced against her; or (2) whether some other person may have a lawsuit commenced against them.

80.     GREENSPOON violated 15 U.S.C. §1692e(10) by stating in the February 19, 2020 letter: "*You* will still be required by the court to respond to the summons within the number of days set forth in the summons, even if you excise your validation rights after receipt of the summons" without informing the reader who is the "you" that is referenced in the sentence.

81.     The least sophisticated consumer upon reading the  February 19, 2020 letter will be confused as to whether: (1) she would still be required by the court to respond to the summons within the number of days set forth in the summons; or (2) whether some other person would be still be required by the court to respond to the summons within the number of days set forth in the summons.

82.     15 U.S.C. §1692e(5) prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

83.     GREENSPOON violated 15 U.S.C. §1692e(5) stating in the February 19, 2020 letter that a lawsuit may be commenced against "you", when a lawsuit cannot be commenced against the reader of the letter.

84.     GREENSPOON violated 15 U.S.C. §1692e(5) by stating in the February 19, 2020 letter that a lawsuit may be commenced against "you", when a lawsuit cannot be commenced against the reader of the letter, as any reader of the letter could not be liable for any debt of the Estate of Isabel Shick.

85.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

86.     Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

87.    Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

88.    Plaintiff and others similarly situated were sent letters, which have the propensity to affect their decision-making with regard to the debt.

89.    Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

90.    Plaintiff has suffered damages and other harm as a direct result of GREENSPOON'S actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against GREENSPOON as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)    Awarding pre-judgment interest;

(e)    Awarding post-judgment interest.

(f)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: April 1, 2020

s/ Joseph K. Jones
Joseph K. Jones, Esq. (JJ5509)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

s/ Joseph K. Jones
Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: April 1, 2020

s/ Joseph K. Jones
Joseph K. Jones, Esq.

# Exhibit

# A

Docket No.: **2019-2574**

# State of New Jersey
# Essex County Surrogate's Court

**ALTURRICK KENNEY**
**SURROGATE**

Hall of Records, Room 206
Newark, New Jersey 07102
Phone:  973-621-4900
Fax:      973-621-2654

**DEVERO D. MCDOUGAL**
**DEPUTY SURROGATE**

In the matter of the Estate of:

**Isabel G. Shick, Deceased**

**AKA:**

}

**EXECUTOR**
**SHORT CERTIFICATE**

I, Alturrick Kenney, Surrogate of the County of Essex, **Do Hereby Certify** that the Last Will and Testament, having no Codicils, of the above-named decedent, late of the County of Essex and State of New Jersey, was admitted to probate on December 20, 2019, and that a Letters Testamentary was issued to Kimma Rock, the Executor(s) named therein, who is (are) duly authorized to take upon himself/herself/ themselves/itself the administration of the estate of said testator agreeably to the said Will.

I further **Certify** that according to our records, said Letters have never been revoked and still remain in full force and effect.

**DO NOT ACCEPT WITHOUT RAISED SEAL**

WITNESS my hand and seal of office on:

December 20, 2019

**Alturrick Kenney, Surrogate**

Executor Short Certificate

Page 1 of 1

# Exhibit

# B

# GreenspoonMarder

100 Wood Avenue South, Suite 207
Iselin, NJ 08830
Phone: 732.494.4800
Toll Free Phone: 888.491.1120
Fax: 973.622.8160

**February 19, 2020**

**VIA U.S. FIRST CLASS**
ESTATE OF ISABEL SHICK

**Re:    Loan No.** ▮    |    **Our File No.:** ▮    0
          **Property Address:** ▮

Please be advised that our client, CELINK as servicing agents for Liberty Home Equity Solutions, Inc has retained our Firm in connection with the above referenced loan which our client considers to be in default.

## FAIR DEBT COLLECTION PRACTICES ACT DISCLOSURE

This is a communication from a debt collector. Specifically, this law firm is the Debt Collector. The Debt Collector can be contacted through the information provided at the top of this letter. The Debt Collector is attempting to collect a debt and any information obtained will be used for that purpose.

Pursuant to 15 U.S.C. §1692g (the Fair Debt Collection Practices Act), the Debt Collector hereby discloses the following information:

The total amount of the debt as of the date of this letter is $128,655.61.

As of the date of this letter, the total amount of the debt that you owe is $128,655.61. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after the Creditor receives your check or payment. For further information, contact the undersigned at the contact information listed above.

1.      The name of the creditor to whom the debt is owed is: CELINK as servicing agents for Liberty Home Equity Solutions, Inc

2.      Unless you, within thirty days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the Debt Collector;

3.      If you notify the Debt Collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the Debt Collector will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by the Debt Collector; and

# GreenspoonMarder

100 Wood Avenue South, Suite 207
Iselin, NJ 08830
Phone: 732.494.4800
Toll Free Phone: 888.491.1120
Fax: 973.622.8160

4.      Upon your written request within the thirty-day period, the Debt Collector will provide you with the name and address of the original creditor, if different from the current creditor.

This letter contains a Fair Debt Collection Practices Act Disclosure, which is set forth above. The Disclosure contained in this letter sets forth your debt validation rights pursuant to the Fair Debt Collection Practices Act.   This firm, the debt collector, may continue with collection activities and communications in its effort to collect the debt during the 30-day debt validation period, unless you exercise your validation rights described in this Letter. One potential way to attempt to collect the debt is by commencing a lawsuit against you. Commencement of a lawsuit DOES NOT alter or abridge your debt validation rights described in this Letter.  You will still be required by the court to respond to the summons within the number of days set forth in the summons, even if you exercise your validation rights after receipt of the summons.

Very truly yours,

GREENSPOON MARDER, LLP