## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIMMA ROCK, as Executrix of the Estate of Isabel Shick, on behalf of herself and all others similarly situated, | Civil Case No.: 2:20-cv-03522 JVM-JBC |
| *Plaintiffs,* | |
| -vs- | |
| GREENSPOON MARDER, LLP; and JOHN DOES 1-25, | |
| *Defendants.* | |

## CONDITIONAL ORDER

This matter comes before the Court on the joint request of Class Representative, Kimma Rock, and a class of persons similarly situated (collectively, "Plaintiff" or "Class Members"), on the one hand, and Defendant, Greenspoon Marder LLP, ("Defendant"), on the other, for conditional approval of the Settlement Agreement, dated May 18, 2021. The Court has reviewed the Settlement Agreement and its attached exhibits, and good cause appearing, ~~for the reasons set forth in the moving papers, on the record, and herein, and~~

IT IS HEREBY ORDERED AS FOLLOWS:

1.     The Court finds that the proposed Settlement is within the range of fairness and reasonableness and grants preliminary approval to it.

2.     A hearing on the fairness and reasonableness of the Settlement, whether final approval shall be given to it, and the request for fees and expenses by counsel for the Class will be held before this Court on _____November 10_____, 2021 at __11:30__ a.m./~~p.m.~~

3.     The Court directs Defendant to pay the costs of Class Notice and Administration.

4.     The Court approves the proposed Notice of Proposed Class Action Settlement ("Notice") to be directed to the last known address of the Class Members as shown in Defendant's

records. Defendant shall cause the Class Administrator to send, by First-Class mail, the Notice to Class Members on or before, ___August 19___ 2021 (within 30 days after entry of the Preliminary Approval Order). It will re-mail any notice that is returned with a forwarding address within five (5) business days.

5.      The Court finds that dissemination of the Notice in the manner described herein constitutes the best notice practicable under the circumstances to potential Settlement Class Members and complies fully with Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law. No further notices to the Class Members are required.

6.      Class Members shall have 45 days from the mailing of the Notices to request exclusion or object to the proposed settlement (the "Opt-Out" Date"). If the Notice is mailed on or before, JBC ___August 19___, 2021, Class Members shall have until ___October 4___, 2021 to request exclusion, or object to the proposed settlement. Any Class Member who desires to exclude him or herself from the settlement must mail a request for exclusion to the Class Administrator. The Class Administrator shall forward all such requests to Counsel for Defendants and Class Counsel within five (5) days of receipt thereof. Any Class Members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the District of New Jersey, and serve copies of the objection on the Class Administrator and counsel for Plaintiff and Defendants by that date. Any objection must include the name and number of the case and a statement of the reasons why the objector believes that the Court should find that the proposed Settlement is not in the best interests of the Class. Objectors who have filed written objections to the Settlement must also appear at the hearing and be heard on the fairness of the Settlement.

7.      Any Person may seek to be excluded from the Settlement. Any Person so excluded shall not be bound by the Settlement and shall not be entitled to any of its benefits. To be timely, a request for exclusion must be sent to the Class Administrator, Simpluris, Inc., and be postmarked no later than the Opt-Out Date. To be effective, the request for exclusion must make clear that exclusion is sought by submitting a letter stating words to the effect of "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN *"KIMMA ROCK, ET AL v. GREENSPOON MARDER, LLP. ET AL, D.N.J. CIVIL CASE NO.: 2:20-CV-03522 JBC"*.

8.      The request for exclusion must also contain the excluded Person's name and address, and the request must be signed by that Person or, if other than a natural person, by an authorized representative of the Person. The Class Administrator, Simpluris, Inc., shall provide copies of any and all requests for exclusion to Defendant's Counsel and to Class Counsel no later than fifteen (15) business days before the Fairness Hearing. Class Counsel shall file and serve a list of all individuals who timely and effectively request exclusion.

9.      Defendant's counsel shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b), no later than forty-five (45) days after the Void Date.

10.     Any Class Member who objects to the Settlement shall have a right to appear and be heard at the Fairness Hearing provided that such Person files with the Court and delivers to designated Class Counsel and Defendant's Counsel a written notice of objection no later than fifteen (15) days before the Fairness Hearing. Any Person who objects to the Settlement must file a written statement of reasons of no more than 15 pages with the Clerk of the Court and deliver same to the Class Administrator, Simpluris, Inc., Class Counsel and Defendant's Counsel, with the written

- 3 -

notice of request for exclusion. Class Counsel and Defendant's Counsel may, but need not, respond to the objections, if any, by means of a memorandum of law of no more than 15 pages filed and served no later than 5 business days prior to the Fairness Hearing. The manner in which a notice of objection should be prepared, filed, and delivered is stated in the Notice. Only Settlement Class Members who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Fairness Hearing, unless the Court orders otherwise. Any Settlement Class Member who does not prepare, file, and deliver his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the award of Attorneys' Fees to Class Counsel, unless otherwise ordered by the Court.

11.    The Court notes that Defendant denies any liability to the Plaintiff or to the Class for any matter whatsoever. Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, Defendant considered it desirable that the Action be settled and that the claims against Defendant, and its current and former officers, directors, trustees, members, principals, successors, assigns, and agents and all persons acting by, through, or in any way on behalf of the Defendant, be released, relinquished, and discharged on the terms set forth in the Settlement Agreement in order to dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against the Defendant in the Plaintiff's Complaints.

12.    All discovery and other proceedings in the Litigation are stayed unless pursuant to the Court's Order for the purpose of implementing the Settlement or complying with the terms of the Agreement.

13.    The Court hereby bars and enjoins all Class Members, except those who have timely

- 4 -

and effectively requested exclusion, from instituting, or prosecuting any action, or proceeding, whether Class or Individual, against Defendants for liability in any way related to, arising out of, or based upon the Released Claims, as described in the Settlement Agreement, unless and until the Settlement Agreement is terminated.

14.    If the above Settlement is not given final approval for any reason or in any way, or the Effective Date does not occur, or the Agreement is rescinded and terminated, the Parties shall be restored to their respective positions in the Action as of the approximate date prior to which the agreement-in-principle to settle the Action was reached. In such event, the terms and provisions of the Agreement shall have no further force and effect with respect to the Parties, shall be deemed to be without prejudice in any way to the position of the Parties with respect to this Action or any other action, and shall not be used in the Action or in any other proceeding for any purpose, except as provided in the Agreement or herein.

15.    The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class.

7/20/21

Honorable,                                    USMJ