UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIMMA ROCK, as Executrix of the Estate of Isabel Shick, on behalf of herself and all others similarly situated,<br><br>*Plaintiffs,*<br><br>-vs-<br><br>GREENSPOON MARDER, LLP; and JOHN DOES 1-25,<br><br>*Defendants.* | Civil Case No.: 2:20-cv-03522 JVM-JBC |

**MEMORANDUM OF LAW IN SUPPORT OF
CLASS COUNSEL'S PETITION FOR AN AWARD OF ATTORNEYS'
FEES AND REIMBURSEMENT OF EXPENSES**

**JONES, WOLF & KAPASI, LLC**
Joseph K. Jones, Esq.
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile

*Attorneys for Plaintiff*

## I.    PRELIMINARY STATEMENT

Plaintiff KIMMA ROCK, as Executrix of the Estate of Isabel Shick, through Class Counsel, hereby move for an award of attorneys' fees and costs in this case. This petition is made pursuant to paragraph 10(e), of the Class Action Settlement Agreement entered into by the parties.

## II.    FACTUAL BACKGROUND

### A.    Procedural History

Plaintiff filed a lawsuit on May 13, 2020. [ECF No. 9] The Plaintiff is a New Jersey consumer who was sent a written communication which is materially similar to the form attached as Exhibit B to the Complaint, in an attempt to collect a debt, which was not returned as undeliverable by the United States Post Service, during the period beginning April 1, 2019 and April 1, 2020. The Class expressly excludes all Persons who, in accordance with the terms of this Agreement, executed a timely request for exclusion ("Opt Out") from the Class. The lawsuit alleges that Defendant sent collection letters to the Plaintiff and Settlement Class Members, which allegedly violated the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

On June 10, 2010, Defendant filed a motion to dismiss. [ECF No. 13] On January 26, 2021, this Court issued an Opinion and Order denying in part, and granting in part, the motion to dismiss. [ECF Nos. 24-25]

Over the course of time, the Plaintiff and Defendant engaged in discovery in an effort to support their claims and defenses in the Action. In connection with their discovery efforts, the Parties exchanged discovery, which ultimately resulted in the disclosure and production of certain confirmatory information. As a result, the Parties and their counsel reviewed, discussed,

1

and analyzed the complex legal and factual issues present in this Action, the risks and expense involved in pursuing the Action to conclusion, the likelihood of recovering damages in excess of those obtained through this Settlement, the protracted nature of the litigation and the likelihood, costs, and possible outcomes of one or more appeals of procedural and substantive issues.

The Parties attended a settlement conference conducted by this court, which resulted in the settlement of this matter.

B. **The Settlement**

The terms of the proposed settlement are set forth in the written agreement. Class Counsel believes the result obtained is fair and reasonable.

For settlement purposes only, the parties stipulate to a Class Action Settlement Agreement, which is defined as follows:

> All New Jersey Consumers who were sent initial letters and/notices, attempting to collect a debt, between April 1, 2019 and April 1, 2020, by GREENSPOON which were addressed to the ESTATE OF XXXXXXX and stated in part "This firm, the debt collector, may continue with collection activities and communications in its effort to collect the debt during the 30-day debt validation period, unless you exercise your validation rights described in this Letter. One potential way to attempt to collect the debt is by commencing a lawsuit against you."

**Relief to Plaintiff and the Settlement Class.** In view of all the foregoing, Defendants shall provide the following relief to Plaintiff and the Settlement Class:

(a) Defendant will create a class settlement fund of $7,875.00 ("Class Recovery"), which the Class Administrator will distribute to those Settlement Class Members who do not exclude themselves, a check in the amount of $125.00. Checks issued to Class Members will be void ninety (90) days from the date of issuance. If any portion of the Settlement Class Recovery remains after the void date on the Members' checks, these remaining funds will be distributed as set forth in ¶10(d) of the Settlement Agreement;

(b)  Defendants shall pay $1,000.00 to the named Plaintiff for her statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i), plus an additional $500.00 in recognition of her service to the Settlement Class. Therefore, the named Plaintiff will receive $1,500.00;

(c)  Defendant shall pay all costs associated with providing notice to the Settlement Class under this class settlement and all costs of administering the class settlement;

(d)  Any checks that have not been cashed by the void date, along with any unclaimed funds remaining in the Class Recovery, will be donated as a *cy pres* award to a charitable organization. The Parties propose that the *cy pres* award be donated to the National Consumer Law Center, which is one of the nation's strongest pro bono and clinical programs, who provides pro bono legal services for economically disadvantaged residents throughout the State of New Jersey. The Parties' selection of the forgoing *cy pres* recipient is subject to the Court's approval at the time of the final fairness hearing; and

(e)  Subject to the Court's approval, Defendants agree to pay Class Counsel $30,000.00 as reasonable attorneys' fees and costs incurred in the prosecution of a "successful action" under 15 U.S.C. § 1692k. The award of fees, costs, and expenses to Class Counsel shall be in addition to and shall not in any way reduce the settlement amounts to be provided to the Settlement Class Members.

### III.   LEGAL ANALYSIS

**A. Class Counsels' Request for Attorneys' Fees and Costs Is Reasonable and Should be Approved by the Court**

Reasonable attorney's fees and costs are mandated by the FDCPA. *See* 15 U.S.C. § 1692k(a)(3). Defendant has agreed to pay Plaintiff's reasonable attorneys' fees and costs in the amount of agreed upon between the parties or as Ordered by the Court. Attorneys' fees and costs

3

to Class Counsel were not discussed until after a class-wide settlement was reached on behalf of the Settlement Class.

The Third Circuit has held that fees are mandated under the FDCPA and that in a typical case, the court should determine what constitutes a reasonable fee in accordance with the substantial Supreme Court precedent pertaining to the calculation of reasonable attorneys' fees. Graziano v. Harrison, 950 F.2d 107, 113-14 (3d Cir. 1991), citing Hensley v. Eckerhart, 461 U.S. 424, 433-37 (1983).  Given their success, Plaintiffs would ordinarily be entitled to an award of the full amount of her attorneys' fees and costs.  The following analysis of Class Counsels' Lodestar shows that the amount requested is just and appropriate.

**B.       A Lodestar Analysis Confirms That the Fee Requested is Reasonable**

The FDCPA is among a limited number of statutes that authorize a court to depart from the American Rule and award attorney fees to a prevailing party.  MANUAL FOR COMPLEX LITIGATION (THIRD), § 24.11 (1995) ("MANUAL"), citing Ruckelshaus v. Sierra Club, 463 U.S. 680, 684 (1983).  As explained in the MANUAL,

> The analysis of attorneys' fees in a statutory fee (or fee-shifting) case differs philosophically and jurisprudentially from that which applies to a common fund case.  The shifting of attorneys' fees in a statutory fee case serves the public policy of encouraging private enforcement of substantive rights created by Congress or the Constitution.  For that reason, the lodestar is the appropriate method. MANUAL, at §24.13(citations omitted).

Third Circuit jurisprudence has repeatedly made the same point.  Gunter v. Ridgewood Energy Corporation, 223 F.3d 190, 195 n.1 (3d Cir. 2000) (noting that the "lodestar method is more commonly applied in statutory fee-shifting cases, and is designed to reward counsel for undertaking socially beneficial litigation in cases where the expected relief has a small enough monetary value that a percentage of recovery method would provide inadequate compensation," quoting from In re Prudential Ins. Co. America Sales Litig., 148 F.3d 283, 333 (3d Cir. 1998)). Accord, In re Cendant Corporation PRIDES Litigation, 243 F.3d 722, 732 n.11 (3d Cir. 2001); In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litigation, 55 F.3d 768,

4

820 (3d Cir. 1995). *See also*, Brytus v. Spang & Company, 203 F.3d 238, 242-43 (3d Cir. 2000) (no abuse of discretion in applying lodestar analysis to set a reasonable attorney's fee under a statutory fee provision).

In fee-shifting cases, the Supreme Court has held that the "most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Hensley, 461 U.S. at 433; Gunter, 223 F.3d at 195 n.1. The lodestar is presumed to yield a reasonable fee. City of Burlington v. Dague, 505 U.S. 557 (1992). Certainly, the lodestar may be reduced if a plaintiff so agrees, or "billing judgment" so warrants. *See* Hensley, 461 U.S. at 433. However, any other reduction may only be made where there is conclusive evidence that the hours were not reasonably expended or the requested hourly rate is not reasonable. *See, e.g.,* Hensley, 461 U.S. at 434 (hours not reasonable if excessive, redundant or unnecessary); Blum v. Stenson, 465 U.S. 886, 895 (1984) (rates to be calculated according to prevailing market in the relevant community).

The lodestar and expenses for Class Counsel here is $37,834.71 reflecting 67.45 hours of attorneys' time plus costs of $529.99.

**1.    Hourly Rates**

The hourly rates for Class Counsel are well within the range of what is reasonable and appropriate in this market for Class Counsel. The requested hourly rates are also reasonable when viewed in the context of a framework that many other courts have used to determine appropriate hourly rates and the Laffey Matrix, which was a subject of discussion in a recent decision by our Court of Appeals. *See* Interfaith Community Organization v. Honeywell International, Inc., 426 F.3d 694 (3d Cir. 2005). Class Counsels' respective Certifications support their current hourly rates.

5

The hourly rates of Class Counsel are the same as the regular current rates charged for services in its standard non-class action matters, including both contingent and non-contingent matters. There has not been any alteration or deviation from the firm's respective hourly rates to account for the added complexity or increased risk factor of this action. Class Counsel concentrates a significant portion of the firm's practice in the area of consumer protection and consumer litigation. The hourly rates are within the range charged by attorneys with comparable experience levels for consumer class action litigation of a similar nature.

### 2. Hours Expended

In support of this petition, Class Counsel has submitted many pages of detailed, contemporaneously produced time records specifying the date of work performed, the nature of the work, the amount of time spent. This submission readily satisfies this Circuit's requirement of the degree of specificity required of a party seeking attorneys' fees. *See* Rode v. Dellarciprete, 892 F.2d 1177, 1190 (3d Cir. 1990) (specificity required to extent necessary to determine if the hours claimed are unreasonable for the work performed). There was no time for which compensation is now requested in this case that was "excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 433. All the time submitted was reasonably necessary to achieve the successful outcome for the plaintiff and the Class.

### 3. Costs

Class Counsel's Certifications filed herewith show that costs as set forth therein were incurred in the prosecution of this case. The bulk of those costs were for legal research services, postage and mailing costs, facsimiles and copying charges. All of the costs were advanced by Class Counsel and were necessarily incurred.

### 4. Preparation of Fee Petition

Class Counsel is entitled to recover for the time spent in preparing the fee application. Prandini v. National Tea Co., 585 F.2d 47, 52-53 (3d Cir. 1978). Class Counsel has included in

their submission time spent in preparing the instant petition, which is reasonable. *See* Becker v. ARCO Chemical Company, 15 F. Supp. 2d 621 (E.D. Pa. 1998) (counsel awarded compensation for 64.1 hours spent on fee petition).

### A.   **Proportionality is Not Appropriate in Assessing The Fee Request**

Some defendants will raise a concern in consumer protection cases as to whether the requested fee is reasonable in light of the amount of the sums earmarked for class members. However, the fact that the amount obtained on behalf of a Settlement Class Members may not be a great sum in relation to Class Counsel's fee request does not make that request unreasonable. Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031, 1041-42 (3d Cir. 1996); Sheffer v. Experian Information Solutions, Inc., 290 F.Supp.2d 538, 550-51 (E.D. Pa. 2003) ("proportionality analysis between the amount of damages awarded and the amount of counsel fees requested … is an impermissible basis upon which to reduce a fee award"); Oslan v. Law Offices of Mitchell N. Kay, 232 F.Supp.2d 436, 444 (E.D. Pa. 2002).

A number of cases have discussed this issue in the context of fee awards under the FDCPA. In discussing fee awards for prevailing plaintiffs under the FDCPA, courts overwhelmingly recognize that the amount of a statutory fee shifting award cannot be tied in any fashion to the amount of the statutory damage award. For example, in Cope v. Duggins, 203 F.Supp.2d 650 (E.D. La. 2002), the court found that $8,000 to the class (or approximately $12 per member) was a reasonable settlement, and that the plaintiff was entitled to $25,000 as a reasonable fee. The court pointed out that the fees might seem out of proportion to the amount to be divided among the class, but that "this imbalance is principally attributable to the design of the FDCPA damages provision … which caps the amount of damages in a class action lawsuit." Cope, 203 F. Supp 2d at 656.[1]

---

[1]   *See also,* Norton v. Wilshire Credit Corp., 36 F. Supp. 2d 216 (D.N.J. 1999) (court awarded $57,000 in fees for $5,800 award to plaintiff).

7

As <u>Cope</u> and other cases recognize, it is in the nature of consumer protection litigation that statutory damages are often small in relation to the fees incurred in prevailing in the case. Under statutes such as the FDCPA, the amount of attorney fees awarded is not required to be proportionate to the amount of damages recovered. This is to encourage private counsel to enforce important consumer rights legislation. Noting that Congress contemplated that civil plaintiffs would act as private attorneys general, the Third Circuit has stated:

> Congress provided fee shifting to enhance enforcement of important civil rights, consumer protection, and environmental policies. By providing competitive rates, we assure that attorneys will take such cases, and hence increase the likelihood that the congressional policy of redressing public interest claims will be vindicated.

<u>Student Public Interest Research Group of New Jersey v. AT&T Bell Laboratories</u>, 842 F.2d 1436, 1449 (3d Cir. 1988). One of the basic realities of consumer litigation was recognized by the Fifth Circuit in <u>McGowan v. King Inc.</u>, 661 F.2d 48, 51 (5th Cir. 1981), where the court stated:

> The borrower's counsel did not inflate this small [Truth-In-Lending] case into a large one; its protraction resulted from the stalwart defense. And although Defendants are not required to yield an inch or to pay a dime not due, they may by militant resistance increase the exertions required of their opponents and thus, if unsuccessful, be required to bear that cost.

*See also,* <u>Newman v. Piggy Park Enters., Inc.</u>, 390 U.S. 400, 402 (1968) (per curiam); S. Rep. No. 94-1011, 1976 U.S.C.C.A.N. 5908.

The same principles apply here in the context of a settled case. While the fees sought by Class Counsel might be considered by some to be relatively large in relation to the amount of the damages achieved on behalf of the Settlement Class, in actuality the fees are reasonable under the circumstances. Plaintiffs have achieved a monetary recovery on behalf of the Settlement Class Members.

## IV. CONCLUSION

Under all the circumstances existing here, the request for an award of $30,00.00 towards Class Counsel's fees and costs is reasonable. As discussed herein, Class Counsel's actual lodestar and costs exceeds this amount by at least $8,099.03.  For the foregoing reasons, Class Counsel respectfully requests that the Court award the agreed upon $30,000.00 for Class Counsel attorneys' fee and costs.

Respectfully submitted,

Dated: October 29, 2021	/s/ *Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 252-9100 facsimile

*Attorneys for Plaintiffs*